UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. FINEMAN et al., <br><br> Plaintiffs, <br><br> LUTZ-LAIDLAW PARTNERSHIP et al., <br><br> Defendants. | Case No.:  20cv695-L(WVG) <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

In this breach of contract and fraud action, Plaintiffs allege federal jurisdiction based on diversity of citizenship under 28 U.S.C. §1332.  (Compl. at 2.)  Because the complaint does not sufficiently allege the parties' citizenship, the action is dismissed with leave to amend.

Unlike state courts,

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514

(2006).  Accordingly, a federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

"A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (internal citations and quotation marks omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 82-83 (2010).  Plaintiff relies on 28 U.S.C. §1332, which requires complete diversity of citizenship between plaintiffs and defendants.  The complaint must affirmatively allege the state of citizenship of each party.  *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir.1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

The complaint names David M. Finneman and Connie S. Finneman (the "Finnemans") as Plaintiffs.  It names Lutz-Laidlaw Partnership, Walter Robert Laidlaw, Frances Evon Laidlaw as Defendants. ABC Corporations, DEF Partnerships, GHI Limited Liability Companies, John Does and Jane Does are named as Doe Defendants. (*See* Compl. at 2.)

The complaint alleges that the Finnemans have "their principal place of residence in South Dakota." (Compl. at 2.)  For diversity purposes, a person is a citizen of a state where he or she is domiciled.  *Kanter*, 265 F.3d at 857.  "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Id.*  Plaintiffs do not allege their citizenship, and their allegation of "principal place of residence" is too vague to draw any inferences regarding their domicile.

Plaintiffs allege that Defendant Walter Robert Laidlaw is a resident of Los Angeles County and husband of Defendant Frances Evon Laidlaw.  Plaintiffs have not properly
/ / / /

alleged the citizenship of either individually named Defendant.  *See Kanter,* 265 F.3d at 857.

Plaintiffs allege that Defendant Lutz-Laidlaw Partnership is a South Dakota general partnership and that Defendant Walter Robert Laidlaw is its general partner. (Compl. at 2.)  For purposes of diversity, "a partnership is a citizen of all of the states of which its partners are citizens." *Johnson v. Columbia Properties Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). To properly allege its citizenship, a plaintiff must allege the citizenship of each partner. *Carden*, 494 U.S. at 195-96.  Plaintiffs have not alleged the citizenship of each of Lutz-Laidlaw Partnership's partners and have therefore not alleged its citizenship.

Plaintiffs have not alleged the citizenship of any of the Doe Defendants, whether business entities or individuals.  Failure to do so destroys diversity jurisdiction.  *Garter-Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 981 (9th Cir. 1980).

Because Plaintiffs do not allege the facts necessary to establish diversity, the complaint is dismissed for lack of subject matter jurisdiction.  Plaintiffs are granted leave to file an amended complaint to amend the jurisdictional allegations.  *See* 28 U.S.C. §1653.  If Plaintiffs choose to file an amended complaint, they must do so no later than **May 11, 2020**.

**IT IS SO ORDERED.**

Dated:  April 17, 2020

_____
Hon. M. James Lorenz
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28